[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S "MOTION TO OPEN, VACATE AND SET ASIDE JUDGMENT AS TO CUSTODY"
This motion was filed on July 21, 1997. It was not called to the court's attention, nor sent to the court until April 28 of this year when the file was referred to the undersigned because of other motions filed post judgment.
For the reasons stated below the motion is denied.
 I
The defendant argues that the court's decision as to custody should be re-heard because it was based on the conclusion that defendant caused the foreclosure of the family residence, and, the defendant did not present evidence on this issue because he was assured by the court that was not an issue for this case.
The court did not decide this case on the basis of the defendant's action or inaction. In fact, the sole reference to this issue is found in two statements in a ten page decision after almost five days of trial.
The reference (page 3) is: "Thus, he has disobeyed orders treating with alimony, support and a court ordered sale of the family residence. This latter move seems to have dissipated the equity of both parties while the defendant lived rent free . . ."
These are uncontroversial facts which the defendant admitted. His evidence or theories to the contrary, he never sought court permission to do anything else with the property and the court order remains outstanding.
The court's reference to a "scorched earth policy" is amply CT Page 6754 illustrated by in part, the frivolous appeal, 37 contempt motions and the 8 trial days prior to this round of hearings and motions.
What did influence the court is outlined in its Memorandum of Decision. In its 17 years on the bench, this court has not heard of behavior by a parent that matches what this defendant has displayed. To repeat it here would serve no purpose, save to demonstrate that the court's decision was based on significant factors going to the heart of the issue — the best interests of the unfortunate children.
A careful reading of Judge Klein's decision indicates he had the same concerns as did this court.
 II
The defendant now suggests for the first time that he was not given any notice that the plaintiff was seeking a modification of an existing judgment as to custody and if he realized this, he would have retained counsel.
This appears to ignore this language in Judge Klein's decision:
 "The court is going to order temporary custody of the minor children to be turned over to the father with the understanding that this order is temporary and that the court is going to further order that the Family Relations Office conduct a new study and report to the court sometime in May of 1996 so that the court can enter final orders relative to custody, the court being dissatisfied with the current Family Relations Study. Custody is being granted in accordance with the request of the children's attorney and the current Family Relations Study."
Finally, there were suggestions made that the defendant engage counsel in this case. He stated he could not afford to do so. He presented his own witnesses in support of his retaining custody and extensively questioned the plaintiff's witnesses.
To suggest now that he was unaware that his custody was temporary and that this hearing was to determine final custody is absurd to say the least.
Anthony V. DeMayo Judge Trial Referee CT Page 6755